# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

LENNIER GUTIERREZ
BARYOLO,

              Petitioner,

    v.

MARKWAYNE MULLIN, et al.,

              Respondents.

Case No. 5:26-cv-02838-MBK

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Lennier Gutierrez Baryolo, a 37-year-old native and citizen of Cuba, is currently in custody of the Department of Homeland Security at the Adelanto Detention Facility. Mr. Baryolo fled Cuba and entered the United States on or around April 9, 2021 near San Luis, Arizona. Shortly thereafter, he surrendered to Customs and Border Patrol/Protection ("CBP") and was later released on his own recognizance. Since that time, Petitioner timely applied for asylum, withholding of removal, and for protection under the Convention Against Torture. Petitioner has remained in compliance with his supervision conditions, including regular check-in appointments with

Immigrations and Customs Enforcement ("ICE"), during his time in the United States.

On January 6, 2026, ICE re-detained Petitioner when he reported as instructed for a supervision check-in. In this habeas action, Petitioner challenges his re-detention and on-going confinement under the Immigration and Nationality Act and its implementing regulations, the Due Process Clause, the Administrative Procedure Act, and the Equal Protection Clause, the Suspension Clause, and 8 C.F.R. § 287.8(c)(2).

The Court finds that Petitioner Baryolo's sudden re-detention—without any changed circumstances or a meaningful pre-deprivation notice or an opportunity to be heard—violates due process. Accordingly, the Court grants the Petition and issues a writ of habeas corpus requiring Petitioner Baryolo's immediate release and preventing his re-detention absent pre-deprivation notice and a hearing where the Government must show material changed circumstances justifying Petitioner's detention.

## I.     FACTS AND PROCEDURAL HISTORY

Petitioner Lennier Gutierrez Baryolo is a 37-year-old native and citizen of Cuba. Dkt. 1 at 6. On or around April 9, 2021, Petitioner entered the United States at San Luis, Arizona, and immediately surrendered himself to CBP custody. *Id.* On April 11, 2021, immigration authorities issued Petitioner a Notice to Appear and released him on his own recognizance. *Id.* As a condition of his release, Petitioner was required to periodically report to ICE. *Id.* He applied for asylum, withholding of removal, and protection through the Convention Against Torture on or around April 6, 2022. *Id.* The USCIS service center received his applications on or around April 11, 2022. *Id.*

During his time in the United States, Petitioner was granted an Employment Authorization Card and has complied with his supervision

2

requirements, including regular check-ins with ICE. *Id.* Petitioner also has no criminal convictions or arrests during his time in the United States. *Id.*

On January 6, 2026, pursuant to the conditions of his release, Petitioner appeared as instructed for a check-in with ICE. *Id.* Upon his arrival, ICE arrested Petitioner and later transferred him to Adelanto Detention Facility. *Id.* at 6-7. Prior to arresting Petitioner Baryolo, immigration officers did not provide him notice that he may be detained, an explanation for his detention, or an opportunity to argue that he should not be detained. *Id.* at 15-17. Following his arrest, ICE placed Petitioner in removal proceedings and filed a Notice to Appear ("NTA") charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* at 6-7; Dkt. 1-1 at 15. As of the date of the filing of the Petition, Petitioner remained in removal proceedings before the Immigration Court and no decision has been issued in his case. *Id.*

Petitioner filed the instant habeas petition on May 26, 2026. Dkt. 1. Petitioner argues: (1) his detention violates the Immigration and Nationality Act; (2) his re-detention without notice or a hearing violates the Fifth Amendment's Due Process Clause; (3) his on-going detention violates the Administrative Procedures Act because his prolonged detention is arbitrary, capricious, and an abuse of discretion; (4) his ongoing detention violates the Equal Protection Clause of the Fifth Amendment; (5) his detention violates the Suspension Clause of the United States Constitution, and (6) Respondents' actions violate the *Accardi* doctrine with respect to 8 C.F. R. § 287.8(c)(2)(i) and (ii) . Dkt 1 at 13-25. In the Petition, Petitioner requests that the Court issue an order requiring his immediate release, or in the alternative, a constitutionally adequate bond hearing where Respondents must show by clear and convincing evidence that Petitioner is a danger to the community or a flight risk. *Id.* at 25.

3

Respondents filed an Answer on June 3, 2026. Dkt. 7. Respondents acknowledge that Petitioner appears to be a member of the *Bautista v. Santacruz* class. *See Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Respondents therefore concede that Petitioner is entitled to a bond hearing under Section 1226(a), consistent with the *Bautista* judgment. Dkt. 7 at 2. Respondents' Answer did not address Petitioner Baryolo's due process, equal protection or statutory claims.

## II.    DISCUSSION

Petitioner Barylo argues that his re-detention without notice or a pre-deprivation hearing violates due process. Consistent with recent decisions by this District and others, the Court finds that Petitioner Baryolo's re-detention—without notice or a meaningful opportunity to be heard—violates procedural due process. The Court therefore grants the Petition, orders Petitioner Baryolo's immediate release, and prevents his re-detention absent pre-deprivation notice and a hearing.

As an initial matter, the Court observes that Respondents did not address Petitioner's due process, equal protection, or statutory claims in their Answer. The Answer consists of a single page that notifies the Court that Petitioner "appears" to be a *Bautista* class member. Dkt. 7 at 2. The Answer does not acknowledge Petitioner's other claims, or indicate whether Respondents oppose the claims and, if so, on what basis. This is despite the fact that these claims seek Petitioner's immediate release—not a bond hearing. Respondents' failure to contest Petitioner's claims in their Answer is arguably a concession that the Petition should be granted. *See Singh v. Warden Desert View Annex, et al.*, No. 26-cv-00440-FMO-AJR, Dkt. 9 (C.D. Cal. Feb. 9, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession of petitioner's

4

argument"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"). *See also N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Nonetheless, the Court will proceed to evaluate Petitioner's claims in light of arguments that the Department of Justice has made in comparable cases.

**A. Petitioner's Re-Detention Violates Procedural Due Process.**

Petitioner Baryolo argues that procedural due process principles prohibit the Government from re-detaining him without adequate pre-deprivation process.

In several recent decisions, courts in this District—including the undersigned Magistrate Judge—have found that immigration authorities violated or likely violated due process by re-detaining noncitizens who had been released shortly after their entry to the United States without notice or an opportunity to be heard. *See Cruz v. Lyons, et al.*, No. 5:25-cv-02879-MCS-MBK (C.D. Cal. Nov. 6, 2025) at Dkt. 12 (granting TRO ordering release of noncitizen who had been paroled into the United States and was re-arrested at appointment with United States Citizenship and Immigration Services); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal.

Dec. 19, 2025) (granting TRO ordering release of noncitizen had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the familiar *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest. *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

### 1. Private Interest

With respect to the first *Mathews* factor, Petitioner has a substantial liberty interest in maintaining his settled life out of custody. Petitioner has resided in the United States for nearly five years, during which time he was granted a work permit. Dkt. 1 at 6-7.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Garro Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

While Petitioner has only resided in the United States for approximately five years, a person can develop meaningful ties in such a relatively short period of time. Even if Petitioner has "a lesser liberty interest" "at the margin" than other noncitizens released pending removal proceedings, "the same important interest is at stake—freedom from prolonged detention." *Diouf v. Napolitano*, 634 F.3d 1081, 1086-87 (9th Cir. 2011), *overruled on other grounds by Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022).

The Court therefore concludes that—consistent with decisions from this District and others—the Due Process Clause protects Petitioner's substantial interest in maintaining his freedom from confinement. *See Cruz*, No. 5:25-cv-02879, Dkt. 12 at 6; *Yataco*, 2025 WL 4065463, at *1; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole). *See also Manzanarez v. Bondi*, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

## 2. Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the Court finds that "[t]here is an unacceptably high risk that the government would erroneously deprive— or already has erroneously deprived—Petitioner of his liberty interest absent a pre-detention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7. The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis,* 533 U.S. 678, 699 (2001). But

7

Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

The record suggests that Petitioner Baryolo is not a flight risk or danger. Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Petitioner was released on his own recognizance pursuant to Section 1226(a). Dkt. 1-1 at 8. Petitioner's release reflects the Government's determination that Petitioner did not present a sufficient danger or flight risk requiring his detention. *See* 8 C.F.R. § 236.1(c)(8) (providing that the Government may release a noncitizen under Section 1226 "provided that the alien [] demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"); 8 C.F.R. § 212.5 (permitting release on parole under Section 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding").

Since his release in April 2021, Petitioner Baryolo has not given any reason to think that the Government's determination was in error. He has complied with his conditions of supervision, including by reporting for regular check-ins with ICE, and maintained a stable life in the United States. He has had no criminal arrests or convictions during his time in the United States. Based on this record, the Court concludes that there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

**3. Government Interest**

8

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews,* 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner Baryolo has a strong interest in remaining free from confinement, there is a significant risk that the Government's lack of constitutionally-adequate procedures has resulted in his unnecessary detention, and the Government's interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process. Accordingly, the Court finds that Petitioner's re-detention was unlawful, orders his forthwith release, and prevents the Government from re-detaining Petitioner absent notice and an opportunity to be heard with his counsel present.

**B. Petitioner's Re-Detention Violates Substantive Due Process**

Petitioner also argues that his ongoing confinement violates substantive due process because it does not advance any "legitimate statutory purpose."

9

Dkt. 1 at 14.

"It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (internal quotation marks omitted). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Due process therefore requires that immigration detention bear a "'reasonable relation'" to a non-punitive purpose. *Id.* (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). *See also Hernandez*, 872 F.3d at 981 ("the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process"). The Supreme Court has recognized only two permissible non-punitive purposes for detention under the immigration laws: ensuring a noncitizen's appearance at removal proceedings or removal, and preventing danger to the community. *Id.* at 690-92.

Section 1226(a), and its implementing regulations, establish procedures to ensure that the Government only detains noncitizens where it advances these purposes. The statute provides that the Government "may" detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). When a person is apprehended under Section 1226(a), ICE officers conduct an initial custody determination to decide whether to release or detain the person. 8 C.F.R. § 1236.1(c)(8). Under the regulations, the ICE officer must release the noncitizen if they "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *Id.*

After the initial custody determination, the noncitizen may request that

an IJ review the determination at a bond hearing in immigration court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19. "If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).

For individuals like Petitioner who were released under authority of Section 1226, the statute provides that the Government "at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b). However, the BIA has recognized a limitation on the Government's authority to re-detain, indicating that "no change should be made by [DHS] absent a change of circumstance." *Matter of Sugay*, 17 I&N Dec. 637, 640 (BIA 1981). "DHS has incorporated this holding into its practice, requiring a showing of changed circumstances both where the prior bond determination was made by an immigration judge and where the previous release decision was made by a DHS officer." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1196-97 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). The Government has represented that, pursuant to this practice, "DHS generally only re-arrests an alien pursuant to § 1226(b) after a material change in circumstances." *Id.* (quoting Government brief). *See also Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (citing *Matter of Sugay* and recognizing that "absent changed circumstances, such as reinvolvement with the criminal justice system, ICE cannot redetain Panosyan") (internal citations and quotations omitted).

While this rule was adopted as a matter of agency practice, its

grounding is constitutional. Where the Government previously determined that a noncitizen's detention is not necessary, it follows that re-detention is only justified if there has been some change in circumstances demonstrating that the noncitizen now presents a risk of danger or flight requiring detention. The rule ensures that detention bears a "reasonable relation" to a legitimate purpose and protects against an arbitrary deprivation of a noncitizen's liberty. *See Zadvydas*, 533 U.S. at 690. *See also Safi v. Noem*, No. 2:26-CV-00308-TLF, 2026 WL 445564, at *3 (W.D. Wash. Feb. 17, 2026) ("This standard prevented arbitrary revocations and ensured that detention decisions rested on individualized assessments of changed circumstances rather than categorical assumptions.").

For this reason, numerous courts have recognized that due process requires that the Government may only re-detain a noncitizen based on a material change in circumstances. *Id.*; *Qazi v. Albarran*, 2025 No. 2:25-cv-02791-TLN-SCR, 2025 WL 2769837, at *3 (E.D. Cal. Sept. 29, 2025) ("Petitioner was previously released pursuant to a finding that he was not at risk of fleeing or harming others, and as such, due process prevents him from being redetained except upon a showing of a material change in circumstances."); *Yan Lu v. Los Angeles Field Dir., et al.*, No. 5:26-CV-575-JAK-SP, 2026 WL 1455317, at *3 (C.D. Cal. May 7, 2026); *Lesic v. LaRose*, No. 25-cv-2746-LL-BJW, 2025 WL 3158675, at *2 (S.D. Cal. Nov. 12, 2025); *Rios v. Noem*, No. 25-CV-2866-JES-VET, 2025 WL 3141207, at *2 (S.D. Cal. Nov. 10, 2025); *Meza v. Bonnar*, No. 18-cv-02708-BLF, 2018 WL 2554572, at *3 (N.D. Cal. June 4, 2018).

Here, Respondents do not respond to Petitioner's substantive due process claim or identify any material changed circumstance that justifies his re-detention. The undisputed record establishes that, at the time of his re-

detention, Petitioner had complied with the terms of supervision and that his claims remained pending in the immigration courts. The Court therefore concludes that Petitioner's re-detention violated due process because there was no material change in circumstances to justify the revocation of his release.

### C. Petitioner's Remaining Claims

Because the Court concludes that Petitioner is entitled to release on procedural and substantive due process grounds, it declines to address his remaining claims. Nothing prevents Petitioner from raising these claims again in the future, should the Government re-detain Petitioner following the procedures set forth above.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner Baryolo's re-detention violated due process. Accordingly, the Court ORDERS the following: (1) Judgment be entered granting the Petition as to Petitioner; (2) a writ of habeas corpus be issued requiring Petitioner's immediate release and prohibiting his re-detention absent a material change in circumstances and pre-deprivation notice and a hearing; and (3) that Respondents file a status report within seven (7) calendar days from the date of this order confirming Petitioner's release and compliance with this order.

Dated: June 4, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE